UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| JEFFREY BROWN, | ) |
| --- | --- |
| Plaintiff, | ) |
| | ) Case No. 1:16-CV-337 |
| v. | ) |
| DEPUTY KYLE HARTMAN, DET. SHAUN DUNAFIN, AND WANDA TRUELOVE, | ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court is Plaintiff, Jeffrey Brown's ("Brown") "Motion for Leave to File First Amended Complaint" [DE 16]. Defendant responded in opposition [DE 20] which, in turn, precipitated the Plaintiff's attaching a "(REVISED) First Amended Complaint" to its Reply. [DE 24]. Defendant then renewed its opposition to the Revised First Amended Complaint [DE 25] to which the Plaintiff Replied. [DE 26]. For the following reasons the Plaintiff's Motion [DE 16] will be GRANTED and the Clerk will be DIRECTED to file the "(REVISED) First Amended Complaint."

## DISCUSSION

This case arises out of the alleged wrongful imprisonment of Brown for failing to register as a sex offender, when, it turns out, he was never required to register at all. In his original complaint, Brown sued various officials of the Noble County Sheriff's department, individually, pursuant to 42 U.S.C. §1983. The (REVISED) First Amended Complaint seeks to add an official capacity claim against the Sheriff, Douglas A. Harp asserting that "the unconstitutional policies,

1

customs, procedures, and practices which lead to the arrest and unlawful detention of the Plaintiff, and/or a failure to properly train employees on current law, policies/procedures" violates the Fourth Amendment to the United States Constitution. Defendant objects to this amendment alleging that the amendment sought is futile, would not survive a motion to dismiss and that the Plaintiff is required to identify the specific policy, practice or custom he alleges violates his constitutional protections.

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (omission in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Instead, a plaintiff must assert facts that rise above speculation and conceivability to those stating a claim that is "plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

To plausibly plead a section 1983 claim against a municipality (or an official capacity claim against an individual), a municipality decisionmaker must have been involved in the unlawful behavior, or the unlawful behavior must have been done pursuant to an unlawful policy, or practice so pervasive it has the force of policy. *See, e.g., Estate of Sims v. Cnty. of Bureau,* 506 F.3d 509, 514–15 (7th Cir.2007) ("In order to state a § 1983 claim against a municipality, the complaint must allege that an official policy or custom not only caused the constitutional violation, but was the

moving force behind it. [ ] Unless there is an unconstitutional policy, there cannot be official-capacity liability; only individual-capacity liability is possible. The official policy requirement for liability under § 1983 is to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible ." (internal quotation marks and citations omitted)); *Gable v. City of Chicago,* 296 F.3d 531, 537 (7th Cir.2002).

Here, Defendant argues that the proposed Amended Complaint does not describe in detail any specific policy or custom that harmed the Plaintiff.  Yet, the (REVISED) First Amended Complaint clearly puts the Defendant on notice that an official capacity claim is being asserted against the Sheriff for policies, customs, practice and/or improper training which harmed the Plaintiff by causing his arrest and unlawful detention.  The details the Defendant seeks as to what specific policy, custom or practice Brown asserts caused him harm can be uncovered through discovery. The Federal Rules of Civil Procedure require only that a complaint include a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a). While the complaint's allegations must be enough to raise a right to relief above the speculative level, detailed factual allegations are not required. *Twombly*, 550 U.S. at 555. Here, the facts alleged by Plaintiff are sufficient to put Defendant on notice of Plaintiff's claims and the grounds for those claims. Indeed if, as alleged in the (REVISED) First Amended Complaint, an official policy, custom or practice of the Sheriff caused the Plaintiff's wrongful incarceration, he has made a sufficient claim for relief under the Federal Rules.  No more is required of Plaintiff at the pleading stage.

## **CONCLUSION**

Based on the foregoing, the Plaintiff's Motion for Leave to Amend [DE 16] is GRANTED. The Clerk is DIRECTED to FILE the (REVISED) First Amended Complaint, attachment #1 to Docket Entry 24.

Entered: This 31st day of January, 2017

s/ William C. Lee<br>United States District Court