# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| JEFFREY BROWN, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) Cause No. 1:16-cv-00337-HAB-SLC |
| WANDA TRUELOVE, *et al.*, | ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court are two motions filed by Plaintiff Jeffrey Brown: one seeking an extension of time to amend his complaint[1] (DE 88), and one seeking leave to file an amended complaint (DE 90). Defendant Vicki Halsell filed responses to both motions (DE 89; DE 91), and Brown did not file a reply to either motion, and his time to do so has passed. N.D. Ind. L.R. 7-1(d)(2)(B). For the reasons discussed below, Brown's motions will be denied.

### A. Background

Brown filed the initial complaint in this case on September 21, 2016, alleging claims for violations of his constitutional rights arising under 42 U.S.C. § 1983. (DE 1). On November 18, 2016, Brown filed his first amended complaint. (DE 16; DE 30). On January 31, 2017, Brown filed his second amended complaint, adding Halsell as a defendant. (DE 34; DE 38).

The deadline for Brown to seek leave to amend his pleadings passed on January 11, 2019. (DE 75; DE 77). Ten days after that deadline, on January 21, 2019, Halsell filed a motion to dismiss Brown's second amended complaint. (DE 82). The Court granted Brown two

---

[1] The Court notes that this motion was improperly titled as a motion seeking "an Extension of Time to Respond to Defendant's Motion to Dismiss." (DE 88).

extensions of time to respond to Halsell's motion to dismiss. (DE 84-DE 87). On February 22, 2019, Brown filed a motion titled "Plaintiff's Third Request for an Extension of Time to Respond to Defendant's Motion to Dismiss." (DE 88). Despite the title of the motion, it actually requested an extension of time to file a third amended complaint that would address "many, if not all of the deficiencies cited in the Motion to Dismiss filed by Vicki Halsell." (DE 88 at 1).

Halsell filed an objection to Brown's motion. (DE 89). Brown did not file a reply, and instead filed a motion seeking leave to file a third amended complaint. (DE 90). Halsell filed a response objecting to Brown's motion to amend. (DE 91). Again, Brown did not file a reply.

### B. Complaint Allegations[2]

In Brown's second amended complaint, he alleges that Halsell, among others, forced him to register as a sex offender, although he was not legally required to do so, resulting in Brown being maliciously prosecuted in violation of his constitutional rights. (DE 38 ¶ 5; *see also* DE 1 ¶¶ 4-5). Specifically, paragraph 5 of the second amended complaint alleges that Halsell (and Defendant April Wilburn) forced Brown to register as a sex offender, resulting in Brown being incarcerated. (DE 38 ¶ 5). Subsequently, in paragraph 19, Brown states that "all Defendants are liable to [Brown] for maliciously prosecuting him under the Fourth and Fourteenth Amendment . . ." (DE 38 ¶ 19). Paragraph 20 alleges that "[a]ll Defendants instituted or caused to be instituted a cause of action against [Brown]," and otherwise "acted maliciously against him." (DE 38 ¶ 20).

In the proposed third amended complaint, Brown alleges that Halsell (and Wilburn) set Brown up "for false arrest and malicious prosecution . . . by their reckless and intentional actions

---

[2] To the extent that factual allegations in this section are taken from the initial complaint, the first amended complaint, or the second amended complaint, Brown represents that "[t]here are no new facts that dramatically change any legal theories" in his proposed third amended complaint. (DE 90 at 2).

. . . which resulted in [Brown] being maliciously prosecuted and falsely arrested for the false crime of failing to register as a sex offender . . . ." (DE 90-1 ¶ 5(b)). Additionally, in paragraph 5(c) Brown alleges that Halsell (and Wilburn) "acted in concert with other state actors such that their actions, in combination with other state actors constitute a conspiracy . . . [to] subject [Brown] to false arrest and malicious prosecution contrary to the provisions of 42 U.S.C. § 1983 and § 1985." (DE 90-1 ¶ 5(c)).

In summary, the proposed third amended complaint differs from the second amended complaint with respect to Halsell in two ways: (1) it adds a claim for false arrest against Halsell; and (2) it asserts that Halsell engaged in a civil conspiracy to subject Brown to false arrest and malicious prosecution under sections 1983 and 1985.

### C. Discussion

1. <u>Rule 16</u>

"[T]he decision to grant or deny a motion to file an amended pleading is a matter purely within the sound discretion of the district court." *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008) (alteration in original) (citation omitted). Federal Rule of Civil Procedure 15(a) dictates that the Court "should freely give leave [to amend] when justice so requires." *See also Bethany Pharmacal Co. v. QVC, Inc.*, 241 F.3d 854, 860-61 (7th Cir. 2001) (citations omitted); *see Foman v. Davis*, 371 U.S. 178, 182 (1962).

"However, the rule is in some tension with the rule that governs scheduling orders, Federal Rule of Civil Procedure 16." *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011). Under Rule 16, district courts are generally required to issue scheduling orders that set a deadline for filing amended pleadings. *Id.* (citing Fed. R. Civ. P. 16(b)(3)(A)). When a party fails to file a motion seeking leave to amend before the deadline set by the district court, the

3

court is "entitled to apply the heightened good-cause standard of Rule 16(b)(4) before considering whether the requirements of Rule 15(a)(2) [are] satisfied." *Id.*; *see also Adams v. City of Indianapolis*, 742 F.3d 720, 734 (7th Cir. 2014) (noting that district courts typically conduct a "two-step fashion[ed]" analysis in analyzing a belated motion seeking leave to amend a complaint"). Rule 16 provides that a "scheduling order may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Court's primary consideration in making the good-cause determination is the diligence of the party seeking amendment. *See DR Distributors, LLC v. 21 Century Smoking, Inc.*, No. 12 CV 50324, 2019 WL 556496, at *4 (N.D. Ill. Feb. 12, 2019) (citing *Alioto*, 651 F.3d at 719). "Lack of undue prejudice or surprise to the nonmoving party is insufficient to establish good cause under Rule 16(b)." *Id.* (citation and internal quotation marks omitted).

Here, Brown seeks to add claims against Halsell for false arrest and for conspiracy to subject him to false arrest and malicious prosecution.[3] However, Brown does not discuss his diligence in seeking the amendment under Rule 16. Indeed, as Halsell points out, Brown does not mention the good-cause standard in either motion at issue and he has failed to reply to Halsell's objections, thereby waiving any good-cause argument he may have had. *See, e.g.*, *Kochert v. Adagen Med. Int'l, Inc.*, 491 F.3d 674, 679 (7th Cir. 2007) ("But she did not raise, much less develop this argument, and undeveloped arguments are waived."); *Palmer v. Marion Cty.*, 327 F.3d 588, 597 (7th Cir. 2003) ("[B]ecause Palmer failed to delineate his negligence claim in his district court brief in opposition to summary judgment or in his brief to this Court,

---

[3] The Court notes that Brown's second amended complaint asserts that Halsell's "actions and directions" ultimately resulted in Brown "being [wrongfully] incarcerated and jailed . . . ." (DE 38 ¶ 5; DE 82 at 5). While this allegation arguably could relate to a claim for false arrest, Brown's second amended complaint alleges a claim of false arrest against just one Defendant: Officer Hartman. (DE 38 ¶¶ 14, 23). Therefore, for purposes of this Opinion and Order, the Court considers Brown's allegation that Halsell's actions resulted in him being incarcerated as relating to Brown's claim against Halsell for malicious prosecution.

4

his negligence claim is deemed abandoned." (citations omitted)); *Live Face on Web, LLC v. Kam Dev., L.L.C.*, No. 16 C 8604, 2016 WL 7374279, at *4 (N.D. Ill. Dec. 20, 2016) ("Defendants' failure to respond in their reply brief to any of LFOW's arguments regarding actual damages acts as a waiver." (citation omitted)); *cf. United States v. Farris*, 532 F.3d 615, 619 (7th Cir. 2008) ("Farris failed to respond to the Government's argument in a Reply Brief, and accordingly, we find that Farris waived his sufficiency of the evidence challenge . . . ." (citation omitted)).

In fact, in Brown's arguments under Rule 15, he concedes that he was aware of the facts alleged in the proposed amended complaint when he filed the initial complaint. (DE 90 ("There are no new facts that dramatically change any legal theories against Ms. Halsell.")); *see Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005) (affirming the district court's denial of leave to amend where the plaintiff was "or should have been, aware of the facts underlying its" claim). In other words, discovery and discussions with opposing counsel did not inform Brown of "substantial change[s]" about his allegations that would justify the proposed amendment. *Wilson v. Jones*, No. 416CV04025SLDJEH, 2018 WL 2158763, at *4 (C.D. Ill. May 10, 2018) (alteration in original); *see also Design Basics, LLC v. Kerstiens Home & Designs, Inc.*, No. 116CV00726TWPMPB, 2018 WL 1241994, at *3 (S.D. Ind. Mar. 9, 2018) ("Although Design Basics claims that it required discovery to confirm that Defendants also infringed on the additional house plans, Design Basics could have pled such infringements in its prior complaints based on its suspicions alone." (citation omitted)). Thus, any good-cause argument that Brown could assert is undermined by his lack of diligence in seeking leave to amend his complaint before the deadline had expired.

Brown merely states that he was not aware of the deficiencies in his complaint until Halsell filed her motion to dismiss. (*See* DE 90). However, the Seventh Circuit has found this

explanation insufficient to demonstrate good cause under Rule 16. *See Alioto*, 651 F.3d at 720 ("He argues chiefly that he had no reason to know that his complaint was deficient until the defendants filed their motions to dismiss the complaint. That explanation does not pass muster.").

Ultimately, Brown does not offer good cause for his motion to extend the deadline to amend his complaint or his motion to amend his complaint, which would add "one new theory and overhaul[] another." *Id*. Accordingly, Brown's motions will be denied.

2. Rule 15[4]

Even if Brown had demonstrated good cause to amend his complaint, he has failed to show that the amendment is appropriate under Rule 15(a)(2). *Design Basics, LLC v. Precision Homes, Inc.*, No. 2:16-CV-179-PPS-JEM, 2018 WL 672150, at *1 (N.D. Ind. Feb. 2, 2018) ("If good cause exists to allow the late amendment, the Court must next analyze whether the amendment is appropriate under Rule 15(a)(2)."). "[I]f underlying facts or circumstances relied upon by a plaintiff are potentially a proper subject of relief, the party should be afforded an opportunity to test the claim on the merits." *Id*. (citing *Foman*, 371 U.S. at 182). The Court "need not allow an amendment when there is undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or when the amendment would be futile." *Bethany Pharmacal Co.*, 241 F.3d at 860-61 (citations omitted).

"The Seventh Circuit has held that undue delay, standing alone, is generally not a sufficient reason for denying a plaintiff leave to amend its complaint." *Flanagan v. Allstate Ins.*

---

[4] Typically, Brown's motion for an extension to amend his complaint would not be analyzed under Rule 15; rather it would be analyzed under Rule 16(b)(4) because it exclusively deals with the Court's scheduling order. However, because the parties' arguments with respect to Brown's motion for an extension overlap with the motion seeking leave to file an amended complaint, the Court will discuss Brown's motion for an extension in its Rule 15 analysis.

*Co.*, No. 01 C 1541, 2007 WL 1381524, at *2 (N.D. Ill. May 3, 2007) (citing *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 793 (7th Cir. 2004)). "[E]ven without prejudice to the parties, the burden on the court, and the judicial system generally, represents an independent basis for denying leave to amend." *Saccameno v. Ocwen Loan Servicing, LLC*, No. 15 C 1164, 2018 WL 1240347, at *11 (N.D. Ill. Mar. 9, 2018). In measuring the prejudice, courts consider the number of times a plaintiff has amended the complaint, the reasons for the delay, the length of time between when the plaintiff learned of the facts supporting the underlying amendment and when the plaintiff moved to amend the complaint, and the procedural posture of the case. *See, e.g.*, *Liebhart v. SPX Corp.*, 917 F.3d 952, 965 (7th Cir. 2019) ("The district court cited the Liebharts' admission that they learned of the possible burial of contaminated concrete on the SPX property on October 11, 2017 but failed to seek leave to amend their complaint until February 22, 2018."); *Flanagan v. Allstate Ins. Co.*, No. 01 C 1541, 2007 WL 1381524, at *2 (N.D. Ill. May 3, 2007) (noting that the case was pending for five years when plaintiffs sought to file an amended complaint, after the close of discovery).

Here, as Halsell points out, Brown engaged in some delay in filing the motions at issue. Brown filed the initial complaint in this case approximately 31 months ago (*see* DE 1), the first amended complaint approximately 29 months ago (*see* DE 16; DE 30), and the second amended complaint, which added Halsell as a Defendant, approximately 21 months ago (*see* DE 34; DE 38). The extended length of time between Brown's previous amendments and his filing the instant motions cuts against granting his motions. *See, e.g.*, *Liebhart*, 917 F.3d at 965; *Perrian v. O'Grady*, 958 F.2d 192, 194 (7th Cir. 1992) (citations omitted). Furthermore, Brown does not explain his delay in filing either motion at issue. *See Liebhart*, 917 F.3d at 965 ("The Liebharts provided no justification for their delay.").

7

On the other hand, the procedural posture of this case is more accommodating of Brown's motions—that is, the discovery deadline (September 6, 2019), the dispositive motions deadline (October 18, 2019), and the trial date (December 2019) have not yet passed. (DE 75; DE 77); *see Flanagan*, 2007 WL 1381524, at *2. In any event, the extent to which Brown has delayed in bringing the two motions is not, by itself, sufficient to deny the motions. *Park v. City of Chicago*, 297 F.3d 606, 613 (7th Cir. 2002).

Halsell also argues that Brown's proposed amendment is futile. "[F]utility is measured by the capacity of the amendment to survive a motion to dismiss." *Duthie v. Matria Healthcare, Inc.*, 254 F.R.D. 90, 94 (N.D. Ill. 2008) (citing *Crestview Vill. Apartments v. U.S. Dep't of Hous. & Urban Dev.*, 383 F.3d 552, 558 (7th Cir. 2004)); *see Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004)). "That means a proposed amendment must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Duthie*, 254 F.R.D. at 94 (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)).

Halsell argues that Brown's proposed amendment is futile because: (1) the statute of limitations has run with respect to Brown's false arrest claim; (2) Brown's false arrest claim is actually one for malicious prosecution and Brown has failed to plead facts that could make this new malicious prosecution claim plausible; and (3) Brown fails to assert a plausible new theory of liability—that is, civil conspiracy—for his malicious prosecution claim with respect to Halsell. Brown has not responded to these arguments. "Failure to respond to an argument—as [Brown has] done here—results in waiver."[5] *Bonte v. U.S. Bank*, *N.A.*, 624 F.3d 461, 466 (7th

---

[5] Even if Brown had opposed Halsell's futility arguments, it is clear that Brown's civil conspiracy claim would not survive a motion to dismiss. Even under notice pleading, a plaintiff alleging a conspiracy under sections 1983 or 1985 must "indicate the parties, the general purpose, and approximate date of the agreement to form a conspiracy so that the defendant has notice of the charges against him." *Estate of Sims ex rel. Sims v. Cty. of Bureau*, 506 F.3d 509, 517 (7th Cir. 2007) (analyzing whether a plaintiff's pleading stated a claim under § 1985 (citation omitted)); *see also Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) (same) (citation omitted); *Walker*

Cir. 2010) (citation omitted); *see also Live Face on Web, LLC*, 2016 WL 7374279, at *4 (citation omitted); *cf. Farris*, 532 F.3d at 619 (citation omitted).

For the reasons discussed above, even if Brown had demonstrated good cause to amend his complaint and/or to extend the deadline to amend his complaint, which he did not, the Court finds that his motions are not appropriate under Rule 15 because he engaged in undue delay in filing his motions and because he does not oppose Halsell's argument that the proposed amended claims against Halsell are futile.[6]

### D. Conclusion

Accordingly, the Court DENIES Brown's motion for an extension of time to file a third amended complaint, styled as a motion for an extension of time to file a response to Halsell's motion to dismiss (DE 88), and Brown's motion seeking leave to file a third amended complaint (DE 90).

SO ORDERED. Entered this 9th day of May 2019.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge

---

*v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002) (analyzing whether a plaintiff's pleading stated a claim under § 1983). In *Ryan v. Mary Immaculate Queen Ctr.*, 188 F.3d 857, 860 (7th Cir. 1999), the Seventh Circuit affirmed the district court's conclusion that the plaintiffs had failed to adequately plead a claim of conspiracy. Like the plaintiffs in *Ryan*, Brown has given "no indication" as to the terms of a purported conspiracy except that they included prosecuting him maliciously and subjecting him to false arrest. *Id*. Because the form and scope of the alleged conspiracy are "almost entirely unknown," Brown's allegations do not satisfy the pleading standard under Federal Rule of Civil Procedure 8 and Seventh Circuit case law. *Id*. (collecting cases). Moreover, Brown has failed to provide the approximate date of such an agreement. *See Estate of Sims ex rel. Sims*, 506 F.3d at 517 (citations omitted); *Walker*, 288 F.3d at 1007.

[6] Because Brown has engaged in undue delay in filing his third motion to amend complaint, and because he has not responded to Halsell's arguments on the issue of futility, the Court need not reach Halsell's arguments that Brown engaged in bad faith in filing his motions or that Halsell will be prejudiced in defending the claims in Brown's proposed third amended complaint.
  The Court's reasoning is confined to this Opinion and Order, without prejudice to Halsell's arguments in her motion to dismiss Brown's second amended complaint (*see* DE 82), which is currently pending before District Judge Brady.