**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | |
|---|---|
| JEFFREY BROWN, | |
| Plaintiff, | |
| v. | CAUSE NO.: 1:16-CV-337-HAB-SLC |
| DEPUTY KYLE HARTMAN, DET. SHAUN DUNAFIN, WANDA TRUELOVE, SHERIFF OF NOBLE COUNTY DOUGLAS A. HARP, STATE OF INDIANA / INDIANA DEPARTMENT OF CORRECTION (seeking perspective injunctive relief only), VICKI HALSELL, and APRIL WILBURN, | |
| Defendants. | |

**OPINION AND ORDER**

Plaintiff Jeffrey Brown has filed this action against Defendant Vicki Halsell and other Defendants under 42 U.S.C. § 1983 for violation of his Fourth and Fourteenth Amendment constitutional rights. He alleges that Halsell, as a Re-Entry Specialist for the State of Indiana, forced him to register as a sex offender, although he was not legally required to do so, resulting in Plaintiff being maliciously prosecuted for failure to register as a sex offender when he later changed residences.

Halsell has filed a Motion to Dismiss [ECF No. 82] Plaintiff's claims against her pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposes Halsell's Motion [ECF No. 98], arguing that his Second Amended Complaint sufficiently states a claim for malicious prosecution because Halsell's actions "were the motivating force for all that

happened after she required him to sign up as a sex offender." (ECF No. 98 at 2.) Halsell filed a Reply [ECF No. 99-1]. For the reasons stated below, the Court grants Halsell's Motion and dismisses the claims against her.

## STANDARD OF REVIEW

To state a claim under the federal notice pleading standards, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations are accepted as true and need only give "fair notice of what the . . . claim is and the grounds upon which it rests." *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776–77 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, a plaintiff's allegations must show that his entitlement to relief is plausible, rather than merely speculative. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008); *see also Twombly*, 550 U.S. at 555. Factual allegations are accepted as true at the pleading stage, but "allegations in the form of legal conclusions are insufficient." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (internal citations omitted).

## COMPLAINT ALLEGATIONS

Plaintiff alleges that the State of Indiana/Indiana Department of Correction required him to register as a sex offender in violation of the ex post facto provisions of the United States Constitution. Halsell, as a Re-Entry Specialist for the State of Indiana was one of the individuals

> who required Plaintiff to register as a sex offender, and who directed the Plaintiff to register as a sex offender with the Sheriff of Noble County under pain and penalty of arrest, prosecution, and incarcerated [sic] – actions and

directions which ultimately resulted in Plaintiff being incarcerated and jailed as set forth in the allegations detailed below, all of which are incorporated herein.

(Second Am. Compl. ¶ 5.) Plaintiff registered as directed, although "[i]n reality, Plaintiff never needed to register even though the State of Indianan [sic] and the Noble County Sheriff (and their employees) required him to register." (*Id.* ¶ 8.)

Plaintiff changed residences and requested an extension of time to register, which Defendant Wanda Truelove granted. However, during the extension period, Plaintiff was incarcerated on an unrelated charge. Defendant Detective Shaun Dunafin investigated possible charges surrounding Plaintiff's failure to register. In June 2009, Plaintiff was charged with three counts of failing to register as a sex offender. A Noble County Clerk's Office employee initiated the charges. Plaintiff pled guilty. He was released from incarceration in 2012.

In 2015, Defendant Deputy Kyle Hartman falsely arrested Plaintiff and filed a report that Plaintiff had not registered as a sex offender or a violent offender. He was charged with four counts of failing to register and prosecuted by Defendant Kelly Morris. In March 2016, a judge with the Noble County Circuit Court found that Plaintiff was not required to register as a sex offender and dismissed the charges against him.

Plaintiff alleges that all Defendants "instituted or caused to be instituted a cause of action against Plaintiff" and "acted maliciously against him and without probable cause." (*Id.* ¶ 20.)

**ANALYSIS**

For any claim brought pursuant to 42 U.S.C. § 1983, the plaintiff must allege the deprivation of a right secured by the Constitution and laws of the United States by a person acting under color of state law. *Reed v. City of Chi.*, 77 F.3d 1049, 1051 (7th Cir. 1996). "To state a claim for malicious prosecution under section 1983, a plaintiff must demonstrate that: (1) he has satisfied the requirements of a state law cause of action for malicious prosecution; (2) the malicious prosecution was committed by state actors; and (3) he was deprived of liberty." *Id.*

In Indiana, malicious prosecution claims have four elements: "(1) the defendant instituted or caused to be instituted an action against the plaintiff; (2) the defendant acted maliciously in so doing; (3) the defendant had no probable cause to institute the action; and (4) the original action was terminated in the plaintiff's favor." *Crosson v. Berry*, 829 N.E.2d 184, 189 (Ind. Ct. App. 2005). Malice may be shown "by evidence of personal animosity or inferred from a complete lack of probable cause or a failure to conduct an adequate investigation under the circumstances." *Golden Years Homestead, Inc. v. Buckland*, 557 F.3d 457, 462 (7th Cir. 2009) (citing *F.W. Woolworth Co. v. Anderson*, 471 N.E.2d 1249, 1254 (Ind. Ct. App. 1985)).

Plaintiff alleges that he was arrested and charged with failing to register as a sex offender, and that the proceedings ended in his favor when the court ruled that requiring him to register as a sex offender subjected Plaintiff to an ex post facto law. Plaintiff alleges that Halsell's specific contribution to the initiation of the cause of action against him was that she directed him "to register as a sex offender with the Sheriff of Noble County under

4

pain and penalty of arrest, prosecution, and incarcerated [sic]—actions and directions which ultimately resulted in Plaintiff being incarcerated and jailed." (Second Am. Compl. ¶ 5.)

After Halsell directed and required him to register as a sex offender, a detective investigated possible charges surrounding Plaintiff's failure to register. The detective concluded that Plaintiff had failed to register and recommended prosecution. A Noble County Clerk's Office employee initiated the charges, which were prosecuted by a county prosecutor.

Plaintiff would be hard pressed, based on the allegations in the Second Amended Complaint, to argue that Halsell's directive that Plaintiff register as a sex offender was anything more than a mistake of law. In early 2009, when Halsell required Plaintiff's registration under the State's existing registration laws, the Indiana Supreme Court had not yet determined that the requirement to register as a sex offender violated the state constitutional prohibition against ex post facto laws if there was no registration requirement at the time of the original conviction. *See Wallace v. State*, 905 N.E.2d 371 (Ind. 2009).[1] Nothing in the Second Amended Complaint plausibly suggests that Halsell's directive was borne out of personal animosity toward Plaintiff, or that she did not properly investigate the requirements of the law at the time she directed Plaintiff to

---

[1] In paragraph 18 of the Second Amended Complaint, Plaintiff alleges that "[i]t was clearly established law at the time of the initiation of the charges and detention and arrest of Plaintiff that the Plaintiff was not required to register as a Sex Offender." This assertion does not appear to be directed at the time frame in which Halsell was involved, or to her specific actions.

5

register. Accordingly, Plaintiff has failed to state a claim for relief against Halsell. *See Tully v. Barada*, 599 F.3d 591, 595 (7th Cir. 2010) (finding no cognizable malicious prosecution claim where plaintiff "alleged no facts to imply malice"); *Welton v. Anderson*, 770 F.3d 670, 674 (7th Cir. 2014) (same).

In addition, Halsell is not a prosecutor and, presumably, had no authority to initiate proceedings against Plaintiff. Accordingly, the most analogous cases are those analyzing malicious prosecution claims against non-prosecutor defendants, such as police officers. These claims have been described as "anomalous" because the State's Attorney, not the police, prosecute a criminal action. *Reed*, 77 F.3d at 1053. Malicious prosecution claims against officers must allege more than an arrest and detention without probable cause. *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 901 (7th Cir. 2001). "Rather, [plaintiff] must allege that the officers committed some improper act after they arrested him without probable cause, for example, that they pressured or influenced the prosecutors to indict, made knowing misstatements to the prosecutor, testified untruthfully, or covered up exculpatory evidence." *Id.* (citing *Reed*, 77 F.3d at 1053–54).

Although it is not impossible that Halsell's directive for Plaintiff to register a sex offender could be the first step towards a malicious prosecution, absent a claim that Halsell played more of an essential or influential role in seeking or procuring the arrest warrant or the charges, Plaintiff has not alleged sufficient causal connection between Halsell's actions and the prosecutor's decision to pursue charges. *See, e.g.*, *Glass v. Trump Ind., Inc.*, 802 N.E.2d 461, 467 (Ind. Ct. App. 2004) (no malicious prosecution claim where

defendant was not consulted or the driving force in a prosecutor's decision to charge; independent investigation "provided the impetus for the decision to prosecute" and "that decision, in turn, was made by [a prosecutor's office] after reviewing" the investigation). There is no basis to infer that Halsell's false directive to register precluded the investigating officer, the arresting officer, or the prosecutor from breaking any chain of causation between the directive to register and the prosecution for failing to register. *See, e.g.*, *Colbert v. City of Chi.*, 851 F.3d 649, 655 (7th Cir. 2017).

## CONCLUSION

For the reasons stated above, Defendant Halsell's Motion to Dismiss [ECF No. 82] is GRANTED. All claims against Defendant Vicki Halsell are DISMISSED.

SO ORDERED on June 24, 2019.

     *s/ Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT