## NOBLE COUNTY SHERIFF'S DEPT.
## SUPPLEMENTAL CASE REPORT

| Case No. | Date & Time | Location | Pg 1 | of 5 |
|---|---|---|---|---|

By: Detective Sergeant Shawn Dunafin

On March 2, 2016 I received a letter from Jeff Brown advising that he felt he did not have to register as a sex offender. In the letter Brown references the "2013 Indiana Sex Offender Registry", specifically pages 2 and 3. I was not familiar with the document Brown was referring to.

On March 3, 2016 I received another letter from Brown, again referencing pages 2 and 3, but this time he refers to the document at the "Sex Offender Pamphlet".

At about 9:30am I went to the jail and asked Brown to step out his cellblock and speak with me. I asked him what the document was that he was referring to and he said that it was on the law library computer that the inmates use. I was not familiar with any computer system containing a law library, and I asked Brown if he could show it to me. With the assistance of the jail staff Brown was able to pull up the information he was referring to on a computer, and I saw that the information was labeled as being from the Indiana Public Defender Council. I later learned that the Sheriff's Department has a contract with the Council to provide this information for use by the inmates. I told Brown that I would take a look at his registry information and try to assist him in determining if he was, in fact, required to register as a sex offender.

A timeline of events of Jeff Brown's sexual battery case and sex offender registry occurrences follows:

- Effective July 1, 1996 the crime of Sexual Battery required the defendant to register if the victim of that crime was under the age of 18.

- On August 28, 1996 Jeff Brown committed the crimes of sexual battery and criminal confinement against a 31 year old female in Kosciusko County under cause number 43D01-9608-CF-227.

- On December 2, 1996 Jeff Brown was found guilty of sexual battery and criminal confinement and was sentenced to 20 years in the Indiana Department of Correction.

- Effective July 1, 1997 a conviction of the crime of Sexual Battery involving a victim of any age required the defendant to register.

| Officer's Name |
|---|
| |


EXHIBIT K

- Effective July 1, 2001 the Indiana Sex Offender Registry became retroactive and the text listed in IC 5-2-12-4 reading "a person convicted in Indiana after June 30, 1994, of:" was removed from the statute meaning any conviction of a registerable sexual offense required the defendant to register, regardless of the date the crime was committed.

- On February 19, 2009 Jeff Brown completed a "Notification of Sex and Violent Offender Registration Responsibilities and Other Duties" form with Department Of Correction Re-entry Specialist Vickie Halsell. That form indicated that Brown was required to register for life under IC 11-8-8.

- On February 20, 2009 Jeff Brown registered as a sex offender with the Noble County Sheriff's Department.

- On April 30, 2009 the Indiana Supreme Court filed their decision in the case of Richard P. Wallace and ordered that Wallace's conviction for Failure to Register be reversed and Wallace was not required to register as a sex offender as it was ex post facto punishment. After that decision, the Department of Correction advised that their position on the Supreme Court decision was that it applied ONLY to Richard P. Wallace and no other offenders.

- On May 6, 2009 I opened a criminal case for Failure to Register, with Jeff Brown being the suspect. Later that day Brown was arrested for Domestic Battery by Officers of the Kendallville Police Department and he was incarcerated in the Noble County Jail.

- On September 3, 2009 Jeff Brown was transported from the Noble County Jail to the Department of Correction for a parole violation. It appears that Brown was in DOC custody until September 6, 2012.

- On February 9, 2010 Allen County Sheriff's Detective Jeff Shimkus, who oversees the registry in Allen County, forwarded information to Wanda Truelove regarding Allen County's policy of dealing with offenders that fall into a similar circumstance as Richard Wallace. This information was sent at the request of Sheriff Gary Leatherman.

- On February 19, 2010 a prepared letter was sent to those offenders that the Noble County Sheriff's Department believed fell into similar circumstances as the Richard Wallace court decision advising those offenders that they were being removed from the Noble County Sheriff's Department sex offender registry. The letter instructed the offender to seek a court order to have their information removed from the sex offender registry maintained by the Indiana Department of Correction. When the letter was sent to the affected offenders, Jeff Brown was incarcerated in the Indiana Department of Correction.

Officer's Name

NOBLE CO SHERIFF 0135

- On October 11, 2011 Jeff Brown was convicted of Failure to Register under cause number 57D01-0906-FD-122 and sentenced to six months in the Indiana Department of Correction. This is the case that I had opened on May 6, 2009.

- On September 5, 2012 Jeff Brown completed a "Notification of Sex and Violent Offender Registration Responsibilities and Other Duties" form with Department Of Correction Re-entry Specialist April Wilburn. That form indicated that Brown was required to register for life under IC 11-8-8.

- On September 7, 2012 Jeff Brown registered with the Noble County Sheriff's Department.

On March 3, 2016 at about 10:10am I spoke with Morgan Hartig at the Indiana Department of Correction regarding Jeff Brown's sex offender registry. I asked Ms. Hartig if she was able to help me in finding the paperwork that Brown would have signed when he left the Department of Correction. Ms. Hartig was not able to find the paperwork in the DOC computer system and she said that she needed to search another computer system for the paperwork. She took my email address and advised that she would contact me when she found the information.

At about 10:41am I received an email message from Laura Kloimwieder, the Registration Coordinator at the Indiana Department of Correction. Ms. Kloimwieder advised that she was not able to locate the paperwork I had requested and she had asked the DOC records department to check for the paperwork.

On March 4, 2016 at about 11:42am I began a recorded interview with Jeff Brown at the Sheriff's Department. I told Brown that I had received a letter from his that morning in which he mentioned someone being in possession of a handgun used in a murder. We spoke about that for a short time and then I showed him a copy of his sex offender registry packet and provided him with a copy of that. I also told him that I had printed out a copy of the "Indiana Registration Appeal Procedure for Non-Incarcerated Registrants" and gave that to him as well. I pointed out the last few pages of the registry packet that explained that DOC had adopted a procedure to file a complaint about the registry. The packet states that there are rules to follow and those can be obtained from the DOC website, which are the "Indiana Registration Appeal Procedure" information that I had printed out for him. I asked Brown to read through the information and file the complaint with the Sheriff of Noble County as it is spelled out in the paperwork and I would submit it to the Sheriff. I asked Brown how long he was in prison prior to being released in 2009 and he said 13 years. I asked if he could give me the dates of his incarcerations and he said that he could get close. He started with July of 1995 to August of 1996 for a drug crime in Noble County. He said that he was arrested two days later in Kosciusko County, which was on or about August 29, 1996. He was incarcerated August 1996 to February 2009, and when he was released he registered in Noble County. Brown was then arrested in Noble County for a domestic battery, and

Officer's Name

NOBLE CO SHERIFF 0136

then a sex offender registry, in May 2009 and was transported to DOC in September of 2009 and remained incarcerated until September of 2012. He asked when the law had changed and I told him that I believed that the mistake had occurred when he was released from DOC in 2012. We spoke for quite a while longer and then at about 12:10pm the interview was ended.

On March 8, 2016 when I came into the office I found a letter of Formal Protest from Brown for Sheriff Harp as well as another letter to me.

At about 12:48pm I received an email from Ms. Kloimwieder containing two "Notification of Sex and Violent Offender Registration Responsibilities and Other Duties". The information in those forms is detailed above.

At about 1:08pm I sent an email response to Ms. Kloimwieder advising her that we believed that Brown was no longer required to register as a sex offender.

On March 9, 2016 when I came into the office I found a letter from Brown advising me to throw away the letter of protest that he had filed because he had been removed from the registry by the judge. At that point we had not received any court orders to remove Brown from the registry.

At about 3:52pm I sent an email to Allen County Detective Jeff Shimkus asking if he knew when the DOC changed their policy regarding registered sex offenders and the Wallace court decision. Det. Shimkus replied to my email advising that I could contact Brent Myers with the DOC for that information. He also copied Mr. Myers on the response.

On March 10, 2016 at about 9:53am I received an email from Mr. Myers asking that I contact him with any questions I may have on the registry.

At about 2:29pm I replied to Mr. Myers' email and asked him if he could advise when DOC changed their position on the Wallace court decision only applying to Mr. Wallace.

On March 14, 2016 at about 9:31am I received an email from Ms. Kloimwieder advising that Jeff Brown was not required to register as a sex offender in Indiana. She asked that we remove his information from the Offender Watch sex offender management system.

At about 11:12am I received an email from Mr. Myers advising that when the Wallace court decision was issued, the policy of the DOC, on the advice of the Attorney General's Office, was to have offender go to court because the Wallace case was directed at Wallace and was not class action. Mr. Myers advised that as similar cases appearing and the adoption of the

Officer's Name

NOBLE CO SHERIFF 0137

# NOBLE COUNTY SHERIFF'S DEPT.
## SUPPLEMENTAL CASE REPORT

| Case No. | Date & Time | Location | Pg | Of |
|---|---|---|---|---|
| | | | 5 | 5 |

Schepers administrative procedure the Attorney General's advice changed. Mr. Myers was not able to give me the date that the DOC policy changed.

Attachments:

One copy of Notification of Sex Offender Responsibilities dated 2/19/09

One copy of Notification of Sex Offender Responsibilities dated 9/5/12

One copy of email conversation with Brent Myers

Officer's Name

NOBLE CO SHERIFF 0138